In the Matter of the Application of William J. Hawley for a Determination of the Validity, Construction, etc., of the Last Will and Testament and Codicil of George L. Hawley, Deceased.— Decree affirmed, with costs to all parties appearing by separate attorneys and filing briefs, payable out of the estate. All concur. (The decree construes a will.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Edwin Bethka, an Infant, by William C. Bethka, His Guardian ad Litem, Respondent, v. Henry Horr and Anthony Cimpi, Appellants.— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the facts and for granting a new trial on the ground that the finding of negligence on the part of the defendant Horr is against the weight of the evidence. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

William C. Bethka, Respondent, v. Henry Horr and Anthony Cimpi, Appellants.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Pluma Bush, Respondent, v. The Metropolitan Life Insurance Company, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action under a life insurance policy. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

F. Kenneth Gorke and Others, Respondents, v. George Leaderer, Jr., and Another, Appellants.— Appeal dismissed, without costs, upon stipulation. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Philip L. Frey, Respondent, v. Russell Schimmel, Defendant, and Lester Weil, Appellant.— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event, on the ground that the court erred in permitting the jury to find that the defendant was negligent and that his negligence was the legal cause of the accident, even though the collision to the rear of the defendant Weil's car occurred 175 feet northerly of the private driveway from which he had entered the city street. All concur, except Crosby, J., who dissents and votes for affirmance. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Gordon Hoff, Respondent, v. Thomas F. Young, Appellant, and Ruth Young Peterson, Defendant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury that ownership of the car causing the injury was in the defendant Thomas F. Young is against the weight of the evidence. All concur, except Crosby and Cunningham, JJ., who dissent and vote for affirmance. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Imogene Knickerbocker, as Administratrix, etc., of Verne H. Knickerbocker, Deceased, Respondent, v. Erie Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment awards